**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RICHARD ANDRE SYKES,**<br>**Institutional ID No. 02483466,**<br><br>**Petitioner,**<br><br>**VS.**<br><br>**DIRECTOR, TDCJ-CID,**<br><br>**Respondent.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-CV-739-O** |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the petition of Richard Andre Sykes for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

## I. BACKGROUND

Petitioner is serving terms of imprisonment of nine years' and five years' confinement, running concurrently, following his convictions for aggravated assault with a deadly weapon and deadly conduct in Case No. 1664692 in the Criminal District Court No. 3, Tarrant County, Texas. ECF No. 16-26 at 7–9, 12–14. His convictions were affirmed on appeal. *Sykes v. State*, No. 02-23-00337-CR, 2024 WL 489741 (Tex. App.—Fort Worth Nov. 21, 2024, pet. ref'd). The Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id.*; ECF No. 16-25.

On September 5, 2025, Petitioner filed his first state habeas application. ECF No. 16-27 at 32 (signature page). On October 21, 2025, while the application was pending, he filed a second state habeas application. ECF No. 16-36 at 32 (signature page). On April 2, 2026, the CCA denied the first habeas application on the findings of the trial court and on the CCA's own independent review of the record. ECF No. 16-35. On June 25, 2026, the CCA denied the second state habeas

application on the findings of the trial court and on the CCA's own independent review of the record. ECF No. 16-39.[1]

On June 5, 2026, Petitioner filed his federal habeas petition. ECF No. 1 at 18[2] (signature page). The petition was accompanied by a memorandum of law in support. ECF No. 2.

## II. GROUNDS OF THE PETITION

Petitioner asserts eleven grounds in support of his petition:

(1) He received ineffective assistance because associate counsel was added days before trial, was unfamiliar with the facts, did not participate in strategy or decision-making, and functioned only as a note-taker. ECF No. 1 at 5.
(2) Trial counsel rendered ineffective assistance in failing to call the victim to testify. *Id.* at 7.
(3) Trial counsel rendered ineffective assistance in failing to investigate and impeach the State's primary witness. *Id.* at 8.
(4) Trial counsel rendered ineffective assistance in relation to the jury charge. *Id.* at 10.
(5) Trial counsel rendered ineffective assistance in failing to develop and present self-defense evidence. *Id.*at 12.
(6) Trial counsel rendered ineffective assistance in making an improper closing argument. *Id.*
(7) Trial counsel rendered ineffective assistance in failing to call Petitioner as a witness. *Id.*
(8) Trial counsel rendered ineffective assistance in allowing a misdemeanor judge to preside over the case. *Id.* at 13.
(9) The prosecution used perjured testimony. *Id.*
(10) Appellate counsel rendered ineffective assistance. *Id.*
(11) The state court's decision was unreasonable. *Id.* at 13–14.

## III. APPLICABLE LEGAL STANDARDS

### A. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall

---

[1] Neither party explains why Petitioner was allowed to proceed with two separate habeas applications, why the applications were not consolidated, or why the second application did not supersede the first.
[2] The page number references to the petition are to "Page __ of 20" reflected at the top right portion of the document on the Court's electronic filing system.

not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28

U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**B. Exhaustion**

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish actual innocence, the petitioner must provide the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). In other words, actual innocence means factual innocence, not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

## C. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a petitioner must prove that counsel's errors "*so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101, 105. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (citing *Cullen*, 563 U.S. at 190); *Knowles v.*

*Mirzayance*, 556 U.S. 111, 123 (2009).

Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV. ANALYSIS**

In his first ground, Petitioner alleges that trial counsel rendered ineffective assistance in failing to investigate and prepare for trial as evidenced by the admission of his co-counsel, Sepulveda, that Sepulveda joined the case days before trial, was unfamiliar with the facts, did not participate in strategy or decision-making, and functioned only as a note-taker. ECF No. 1 at 5; ECF No. 2 at 1–2. In his fifth ground, he alleges that counsel rendered ineffective assistance in failing to consult or retain a video/forensic expert, present evidence that the victim or witness may have been armed, and argue how such evidence supported Petitioner's reasonable fear. ECF No. 1 at 12; ECF No. 2 at 4. And, in his eighth ground, he alleges that counsel rendered ineffective assistance in allowing a misdemeanor judge to preside over the trial. ECF No. 1 at 13; ECF No. 2 at 5. None of these grounds were raised in state court. *Sykes*, 2024 WL 4849741; ECF No. 16-27 at 17–42; ECF 16-36 at 17–35. Petitioner has made no attempt to show cause and prejudice.[3] Moreover, the claims are now procedurally barred. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

The exhausted claims of ineffective assistance of trial counsel, grounds two through seven, are wholly conclusory and unsupported. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982)

---

[3] Petitioner argues that these grounds were raised in the state habeas proceedings but he does not cite to the record showing that he is correct. ECF No. 20. The Court has again reviewed the state habeas petitions and does not agree that these grounds were presented. Presenting a somewhat similar issue is not sufficient. *Anderson*, 459 U.S. at 6. In any event, if the grounds were exhausted, Petitioner has not overcome by clear and convincing evidence the presumption that the state court's fact findings with regard to each of them are correct.

(conclusory statements do not raise constitutional issues for review). For example, in his second ground, Petitioner alleges that counsel should have secured the victim's testimony but fails to even describe what that testimony would have been or why it would have made any difference. ECF No. 1 at 7. *See Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir.2009) (to prevail on a claim of ineffective assistance for failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available and would have testified, set out the content of the testimony, and show that the testimony would have been favorable to a particular defense). In any event, these grounds were considered by the trial court, which made extensive findings of fact and conclusions of law determining them to be without merit. ECF No. 16-27 at 82–89, 97, 98; ECF No. 16-36 at 83–95, 99–110, 119–22, 123. Petitioner has not overcome the doubly deferential standards to show that the state court's rulings were unreasonable. He focuses on minutiae and fails to show that counsel's conduct so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result. *Strickland*, 466 U.S. at 687.

In his ninth ground, Petitioner simply alleges that the prosecution used perjured testimony. In support, he alleges that witness Smith made multiple false statements but fails to describe any of them. ECF No. 1 at 13. At best, he says that "Smith's account to investigators after said crime contradicts trial testimony which contradicts surveillance footage." ECF No. 2 at 5. In order to demonstrate a violation under *Napue v. Illinois*, 360 U.S. 264 (1959), the petitioner must show that (1) the particular testimony was actually false, (2) the government knew it was false, and (3) the testimony was material. *United States v. Stanford*, 823 F.3d 814, 838–39 (5th Cir. 2016); *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996). Simply because testimony at trial is different does not equate to perjury. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (contradictory testimony

or inconsistencies in testimony are to be resolved by the trier of fact). Although Petitioner claimed in his state habeas application that the State adduced false testimony at trial, he did not support his claims and the state habeas court found that Petitioner had no evidence to support them. ECF No. 16-36 at 97–98. He has not overcome those fact findings with clear and convincing evidence.

In his tenth ground, Petitioner alleges that appellate counsel provided ineffective assistance in failing to (a) raise issues of trial counsel's misstatement of facts in closing argument, flawed jury instructions, and a misdemeanor judge presiding over his felony trial, and (b) assist Petitioner in obtaining trial transcripts to pursue post-conviction remedies. ECF No. 1 at 13. These matters were presented in the second state habeas application and the trial court made findings and conclusions rejecting them. ECF No. 16-36 at 95–97, 111–13. Petitioner has not met his burden to proceed here.[4]

In his eleventh ground, Petitioner urges that the state court decision was unreasonable and a fundamental miscarriage of justice. ECF No. 1 at 13–14. In his memorandum, he complains that the CCA ruled without written order. ECF No. 2 at 5. In particular, he alleges that there was no reasonable basis to support the denial where "counsel admitted lack of preparation; counsel relied on incorrect legal assumption; no strategic reasoning was provided for key failures." *Id.* His conclusory allegations are insufficient to raise a constitutional ground for relief. *Schlang*, 691 F.2d at 799. Infirmities in state habeas proceedings do not constitute constitutional grounds for federal habeas relief. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Vail v. Procunier*, 747 F.2d 277, 277 (5th Cir. 1984). Petitioner has not cited, and the Court is not aware of, any constitutional right to a particular form of written opinion by a state habeas court.[5]

---

[4] Petitioner apparently recognizes that this ground has no merit as he does not address it in his reply. ECF No. 20.

[5] Again, Petitioner does not address this ground in his reply. ECF No. 20.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the petition.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **19th day** of **October 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**